**Carol HASKEL, Plaintiff,**

v.

**The FPR REGISTRY, INC., Defendant.**

**No. CV–93–4719 (CPS).**

United States District Court,
E.D. New York.

Sept. 19, 1994.

---

Haskel & Hand, Mineola, NY, for plaintiff.

Thomas Greenberger, by Robert Teitelbaum, Brooklyn, NY, for defendant.

## MEMORANDUM AND ORDER

SIFTON, District Judge.

In this action for breach of an employment contract, defendant, The FPR Registry, Inc. ("The Registry"), moves to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) on the basis of a forum selection clause in the contract. Plaintiff opposes the motion, contending that the forum selection clause should not be enforced or, in the alternative, that defendant's motion should be considered as a motion to transfer venue rather than as a motion to dismiss and accordingly denied. Plaintiff also seeks the costs of opposing defendant's motion. For the reasons discussed below, defendant's motion for dismissal is denied, but the action will be transferred to the United States District Court for the District of Maryland.

## BACKGROUND

Plaintiff Carol Haskel, a/k/a Carol Haskel Solomon ("Haskel") is a resident of New York State. The Registry is a Delaware corporation with offices in Maryland and Florida. Defendant states that it does not currently maintain an office in this state, but plaintiff disputes that assertion. Def.'s Brief at 5; Pl.'s Aff. in Opp. at ¶ 1.

The Registry is in the business of providing on-line computer services to landlords who seek credit and other information about prospective tenants. In 1989, defendant began efforts to solicit sales agents to sell its services to landlords in the New York area. In October 1989, plaintiff attended a recruiting meeting in New York City at which she was offered a position. Plaintiff then signed an employment contract provided by The Registry. Under the terms of the contract, plaintiff was to be paid a base salary of $21,500 per year in addition to commissions for sales made. According to plaintiff, the terms of the contract and the commission provisions were explained by Ilene Ingber, then a vice president of The Registry.

The subject of this action is the following provision which Haskel alleges is in her contract: "It is understood that if Haskel leaves under good terms the Registry will continue to pay his [sic] commissions on his [sic] accounts." The Registry contends that this "continuation clause" was added by Haskel in her own copy of the employment contract and was not accepted by The Registry.

The parties agree that the contract also contained the following choice of law and forum selection clause provision:

(a) This Agreement shall be governed by the laws of the State of Maryland.

(b) Any lawsuit arising in connection with this Agreement shall be brought only in either the United States District Court for the District of Maryland or the Circuit Court for Montgomery County in Maryland; except that suit ancillary to those brought in any court of competent jurisdiction.

Contract at ¶ 6.

Plaintiff worked for defendant for approximately four years during which time, she alleges, she fulfilled the requirements of her employment contract. According to plaintiff, on August 6, 1993, she orally informed defendant that she would be resigning her position. At the request of defendant she delayed her resignation for two weeks, until August 20, 1993. In a letter confirming her resignation and the new date on which she would leave defendant's employ, plaintiff informed defendant that she expected to receive payments for her continuing commissions under the provision quoted above. In response, defendant notified Haskel that she would be terminated a week earlier than agreed. She was also told that she would not be paid for the last week of work or for any commissions based on business generated after her departure by the accounts she had obtained for defendant. Haskel further alleges that The Registry failed to pay certain commissions due for business placed by her accounts prior to her departure.

As a result of the failure to pay commissions, Haskel commenced this action in the Supreme Court for Nassau County, New York. Her complaint asserts claims for breach of contract and for liquidated damages based on alleged violations of the New York State labor laws. The summons and complaint were served in New York upon an officer of defendant who was at a Manhattan

trade show soliciting customers for the defendant.

The Registry removed the action on the basis of diversity jurisdiction, 28 U.S.C. § 1332, and then made the instant motion to dismiss for improper venue on the grounds that the forum selection clause in the contract precluded suit here. Defendant contends that the forum selection clause of the contract should be enforced since The Registry is subject to service of process in Maryland and the plaintiff could have brought the suit in either the United States District Court for Maryland or in the Circuit Court for Montgomery County, Maryland. As further support for its motion, The Registry also alleges that it does not maintain an office in New York and that defendant's witnesses and most of the records necessary for the defense of the action are located in Maryland and Florida.

Haskel has filed papers opposing the motion to dismiss, arguing that her suit involves events which took place solely in New York and that the forum selection clause is unjust and unreasonable and should not be enforced. Haskel argues in the alternative that, if the forum selection clause is deemed enforceable, defendant's motion should be construed as a motion to transfer venue to the Federal District Court in Maryland, pursuant to 28 U.S.C. § 1404(a) and, under the standards applicable to such a motion, denied.

In response, defendant filed papers seeking Rule 11 sanctions, contending that Haskel's refusal to acknowledge the merits of defendant's position is unreasonable. Defendant's papers, however, did not comply with the Federal Rules of Civil Procedure in that they did not provide sufficient notice to the plaintiff. Plaintiff and defendant therefore agreed that defendant would withdraw the motion for sanctions and that defendant's papers would be considered merely as a reply to plaintiff's opposition. In those papers, defendant contends that this motion cannot be considered as a motion to transfer under section 1404(a) since defendant did not request transfer under that section but merely sought dismissal of the action pursuant to Federal Rule of Civil Procedure 12(b)(3).

In a sur-reply affidavit, Haskel contends that her employment contract was merely a "contract of adhesion" since it was presented to potential employees on a "take it or leave it" basis and that the forum selection clause "on its face is an egregious form of over-reaching." Sur-reply Aff. at ¶ 4. Haskel also states that she and other employees worked in the New York apartments rented by defendant on a day-to-day basis over several years, making and receiving telephone calls and fax transmittals. She also alleges that defendant has established a new location in Queens, New York.

## DISCUSSION

■ Although once looked upon with suspicion by courts, it is now well-settled law that parties may bargain in advance to select the forum in which their disputes will be adjudicated. *See The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 590–96, 111 S.Ct. 1522, 1525–29, 113 L.Ed.2d 622 (1991). The effect to be given to such provisions and the procedural vehicle by which they should be enforced, however, is the subject of some confusion.

In *The Bremen,* the Supreme Court for the first time clearly held that forum selection clauses were to be enforced if they were the product of a fair bargain. The Court ruled that "a freely negotiated private international agreement, unaffected by fraud, undue influence, or overweening bargaining power ... should be given full effect," unless it was clearly shown that enforcement would be unreasonable and unjust. 407 U.S. at 12–13, 92 S.Ct. at 1914–15 (footnote omitted). The Court held that inconvenience alone is not sufficient grounds to avoid the application of a forum selection clause unless the party seeking to avoid the clause can show that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain." *Id.* at 18, 92 S.Ct. at 1917. The Court remanded so that the district court,

which had jurisdiction over the action, could consider whether it "should ... excercise[ ] its jurisdiction to do more than give effect to the legitimate expectations of the parties, manifested in their freely negotiated agreement, by specifically enforcing the forum selection clause." *Id.* at 12, 92 S.Ct. at 1914.

■ Subsequently, in *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243–44, 101 L.Ed.2d 22 (1988), the Court injected a fairness and convenience component into the enforcement analysis. The Court held that federal law controls a motion pursuant to 28 U.S.C. § 1404(a) to transfer an action to the venue provided in a contractual forum selection clause. Under 28 U.S.C. § 1404(a), a district court can transfer a civil action "for the convenience of the parties and witnesses, in the interest of justice [to] ... any other district ... where it might have been brought." Under federal law, the Court ruled, a forum selection clause should "be a significant factor that figures centrally" in a transfer analysis but that a forum selection clause should be considered "only one relevant factor." 487 U.S. at 32, 108 S.Ct. at 2245. The appropriateness of transfer is to be considered on an "individualized case-by-case consideration of convenience and fairness," including the convenience of the contractual forum and the relative bargaining power of the parties. *Stewart*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2243–44 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964)). Under the Court's analysis, the presence of a valid forum selection clause would not preclude the denial of a motion to transfer brought by a party seeking to enforce the clause.

■ While the Court did not directly address the issue of the proper procedural vehicle for enforcing a forum selection clause, it appeared to have adopted the view that a valid forum selection clause does not render improper what would otherwise be a proper venue, although more by implication than by explicit statement. In a footnote, the Court observed that "[t]he parties do not dispute that the District Court properly denied the motion to dismiss for improper venue under 28 U.S.C. § 1406(a) because respondent does

business in the Northern District of Alabama. See 28 U.S.C. § 1391(c) (venue proper in judicial district in which corporation is doing business)." *Stewart*, 487 U.S. at 28, n. 8, 108 S.Ct. at 2243, n. 8. Accordingly, *Stewart* indicates that the proper procedure for enforcing a forum selection clause is through a motion to transfer pursuant to § 1404(a), which applies when venue is otherwise proper. *See Crescent International, Inc. v. Avatar Communities, Inc.* 857 F.2d 943, 944 (3d Cir.1988); David Taylor, The Forum Selection Clause: A Tale of Two Concepts, 66 TMPLR 785 at n. 259.

Thus the analysis of defendants' motion would be relatively straightforward but for the Court's decision in *Carnival Cruise*, handed down just three years later. In *Carnival Cruise*, the Court returned to the analysis used in *The Bremen*, this time to harsher effect, and left unclear the proper means for enforcing a forum selection clause. In *Carnival Cruise*, plaintiffs filed suit in federal district court in Washington, their home state, to recover for personal injuries sustained when one of the plaintiffs fell during a cruise on one of defendant's ships while it was in international waters. The defendant then moved for summary judgment on the grounds that it lacked sufficient contacts with the State of Washington to confer personal jurisdiction over it, despite the fact that the ticket had been purchased there. As a second ground for the summary judgment motion, defendant argued that a forum selection clause on the back of the passenger ticket required the plaintiffs to bring suit on all claims in the Florida courts. In the alternative, Carnival sought a transfer of the case to the United States District Court for the Southern District of Florida. See *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 379 (9th Cir.1990).

In reversing the district court's determination that Carnival lacked sufficient contacts with the forum, the Ninth Circuit Court of Appeals ruled that not only were the contacts sufficient with the forum but that the forum selection clause should not be enforced because it was "not freely bargained for," and enforcement would deprive the respondents of their day in court as they were "physically

and financially incapable of pursuing [the] litigation in Florida." 897 F.2d at 389.

The Supreme Court reversed, ruling that the contract was enforceable under the standards of *The Bremen,* without, however, either applying or overruling the balancing test of *Stewart.* The Court held that the inclusion of a reasonable forum selection clause in a form contract benefited litigants by limiting pretrial motions on the proper forum for litigation and possibly lowering the fares to passengers because of costs savings accruing to the cruise line through the limitation of fora where it could be sued. 499 U.S. at 593–94, 111 S.Ct. at 1527–28. The Court also noted that the respondents bore a "heavy burden of proof" of showing that the clause was so inconvenient that it precluded them from having their claims heard or that it violated notions of fundamental fairness, particularly since Florida was not a "remote alien forum," the dispute at issue was not essentially a local one, and no evidence had been presented that inclusion of the clause stemmed from bad faith on the part of the cruise line.

*Carnival Cruise* left open the question of whether a forum selection clause should be enforced through dismissal or transfer. It did not appear that the Court intended to overrule *Stewart.* However, the Court's reversal of the Ninth Circuit's decision had the effect of dismissing the case even though the action could have been transferred to Florida. The Court never reached the issue of whether the action should have been transferred. Indeed, it appears that the Court may have unintentionally overlooked or ignored the issue since the description of the procedural history of the case took no notice of the fact that the defendant had sought transfer as alternative relief. *See Carnival Cruise v. Shute,* 499 U.S. at 588, 111 S.Ct. at 1524 (describing procedural history but not including petitioner's alternate ground of motion to transfer). If the Court merely intended that the forum selection clause be enforced in the context of a transfer, that never happened: on remand, the Ninth Circuit simply affirmed the district court's dismissal "for the reasons set forth" in the Supreme Court's opinion, thereby apparently resulting in a dismissal of the action without ever considering the possibility of transfer or what standard might apply. *Shute v. Carnival Cruise Lines,* 934 F.2d 1091 (9th Cir. 1991).

The Court of Appeals for this Circuit has not specifically addressed the issue of whether a forum selection clause may be enforced by dismissing an action where transfer is possible.

Defendant relies heavily on *Jones v. Weibrecht,* 901 F.2d 17 (2d Cir.1990), a decision handed down between *Stewart* and *Carnival,* for the proposition that the only option here is to dismiss the action without considering transfer. In *Jones,* Jones and Weibrecht signed two agreements containing a forum selection clause limiting all litigation on the basis of the agreements to the Supreme Court of New York, Essex County. When a dispute arose, Jones commenced a contract action in federal court seeking a recision of the agreements. Weibrecht then filed suit in the Supreme Court of New York, Essex County, alleging breach of contract. Jones removed that action to the same federal court on the basis of diversity jurisdiction. In affirming the district court's dismissal of the complaint filed in federal court and the remand of the other action to state court on the basis of the forum selection clause, the Court of Appeals held that the standard of *The Bremen,* rather than *Stewart,* applies to the analysis of forum selection clauses in diversity cases. The Court of Appeals reasoned that

> [a] motion to transfer an action to another federal district pursuant to [28 U.S.C.] section 1404(a) calls for an 'individualized, case-by-case consideration of convenience and fairness.' The same broad-based balancing is not appropriate where, as here, a party seeks to have an action dismissed or remanded to state court, rather than transferred, on the basis of a forum selection clause that purports to preclude litigation from a venue other than a specific state court.

The Ninth Circuit took the same view of the applicability of *Stewart* in *Manetti–Farrow v. Gucci Am.,* 858 F.2d 509, 512 n. 2 (9th Cir. 1988).

*Jones* does not, however, preclude the transfer of an action where the forum selection clause allows the parties to bring suit in a federal court. While the action begun in federal court was dismissed, the district court did not have the option of transferring the case to another federal court. The state action was remanded. *See also Karl Koch Erecting Company v. New York Convention Center Dev. Corp.*, 838 F.2d 656, 659 (2d Cir.1988) (in two actions stemming from contract containing forum selection clause limiting suit to state court, action begun in state court remanded pursuant to 28 U.S.C. § 1447(c), action begun in federal court dismissed). In the case at bar, the forum selection clause does not limit plaintiff to a state court, since suit may also pursuant to agreement be brought in the federal district court in Maryland.

■ The issue here is whether a party may limit the court to considering only dismissal rather than transfer and, to the extent that there is a difference, to the standard of *Carnival Cruise* and *The Bremen*, solely by virtue of language in which he casts his motion. Such a result would be inappropriate, particularly in light of 28 U.S.C. § 1406, which allows transfer of an action rather than dismissal "in the interests of justice."

Although courts have often enforced forum selection clauses by granting a motion to dismiss for improper venue, the better view is that forum selection clauses do not render venue improper and thus may not be enforced by a motion to dismiss for improper venue. *See Lambert v. Kysar*, 983 F.2d 1110, 1113 n. 2 (1st Cir.1993) (motion to dismiss an action on the basis of a forum selection clause must be brought under 12(b)(6) rather than 12(b)(3)); *but cf. Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953 (10th Cir.1992) (noting that forum selection clauses are "frequently" analyzed as motions to dismiss for improper venue under 12(b)(3)). As noted above, the decision in *Stewart* provides some support for this position, and the Court of Appeals has not ruled to the contrary, although district courts have. *See, e.g., Medoil Corp. v. Citicorp*, 729 F.Supp. 1456, 1457 n. 1 (S.D.N.Y.1990) (Stanton, J.) ("[A] motion to dismiss pursuant to a

forum-selection clause is properly considered a motion to dismiss for lack of venue"); *Lexington Investment Company v. Southwest Stainless, Inc.*, 697 F.Supp. 139 (S.D.N.Y. 1988) (court held that forum selection clause warranted dismissal under 12(b)(3), but transferred the action pursuant to 28 U.S.C. § 1406(a) to avoid statute of limitations problems and save the plaintiff time and expense); *Full–Sight Contact Lens v. Soft Lenses, Inc.*, 466 F.Supp. 71, 72 (S.D.N.Y. 1978) (court held that forum selection clause rendered venue in New York improper and transferred case pursuant to 28 U.S.C. § 1406(a), noting that same result would have been reached under section 1404(a)). In *National Micrographics Systems, Inc. v. Canon U.S.A., Inc.*, 825 F.Supp. 671 (D.N.J. 1993), Judge Simandle held that enforcement of a forum selection clause by way of a motion to dismiss for improper venue—

> is an improper application of Rule 12(b)(3). Rule 12(b)(3) provides for a motion to dismiss for improper venue. *See* Fed. R.Civ.P. 12(b)(3). "Venue," in turn, is defined by statute at 28 U.S.C. § 1391, which sets forth where venue may properly be laid. The determination of the appropriate venue under § 1391 revolves around factors such as whether the court is acting within its diversity or federal question jurisdiction; whether the defendant is a citizen or an alien or a corporation; and the jurisdiction in which the defendant(s) resides or in which a corporation does business. 28 U.S.C. § 1391. Section 1391 does not list "forum selection clauses" as a factor to be considered when determining where venue may be laid.

> The fact that the parties contractually agreed to litigate disputes in another forum is not a question of venue, but one of contract, which will not be enforced unless fundamentally unfair, *see Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 [111 S.Ct. 1522, 113 L.Ed.2d 622] (1991).

The court then declined to dismiss the action for improper venue on the basis of the forum selection and went on to consider the defendant's alternate ground for relief, transfer under § 1404. Where an action has been removed from state court, "venue," to the

extent that the concept even applies to actions begun in state court, is proper in this Court, since a case may be removed to the federal district court "for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The right to limit the resolution of disputes to a particular forum is one that is created through an agreement by the parties, not by statute. *See National Micrographics*, 825 F.Supp. at 679. Accordingly, since defendant solely moved for dismissal for improper venue, the motion to dismiss is denied.

■ However, since a court may *sua sponte* consider transfer after giving both parties a chance to brief the issue, *see Starnes v. McGuire*, 512 F.2d 918, 933–34 (D.C.Cir.1974) (en banc), it is appropriate to consider the application of § 1404(a) analysis now rather than wait for defendant's inevitable motion to transfer. Under the *Stewart* analysis, federal law governs the enforceability of forum selection clauses, and such clauses are to be a "significant factor" in the transfer analysis, but the convenience of the parties, the convenience of the witnesses, and the interests of justice must also be considered. *See Falconwood Financial Corp. v. Griffin*, 838 F.Supp. 836, 840 (S.D.N.Y.1993). *Stewart* did not change the general rule, later reinforced by *Carnival Cruise*, that forum selection clauses are generally enforced.

In a motion to transfer, the moving party generally bears the burden of showing that the forum should be changed. *See Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 281 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). Although plaintiff's choice of forum would normally be given deference, once a mandatory forum selection clause is determined to be valid, the plaintiff bears the burden of showing why the contractual provision should not be enforced. *See Weiss v. Columbia Pictures*, 801 F.Supp. 1276, 1278 (S.D.N.Y.1992).

■ Despite plaintiff's allegation that the contract at issue here was merely a form contract which both sides acknowledge was used by defendant for all or nearly all of its representatives, mere absence of negotiation over the actual terms of the contract and the forum selection clause itself does not make a forum selection clause unenforceable. *See Carnival Cruise Lines*, 499 U.S. at 631–32, 111 S.Ct. at 1553–54; *Karl Koch Erecting Co.*, 838 F.2d at 659. Similarly, an allegation that a contract was the product of fraud is a bar to the enforcement of a forum selection clause only where "the inclusion of that clause was the product of fraud or coercion." *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 2457 n. 14, 41 L.Ed.2d 270 (1974) (discussing arbitration clauses, which the court considered as a "specialized kind of forum-selection clause"). As the Sixth Circuit has said, there "must be a well-founded claim of fraud in the inducement of the clause itself, standing apart from the whole agreement, to render [a forum selection clause] unenforceable." *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1138 (6th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 81, 116 L.Ed.2d 54 (1991). Other than plaintiff's contention that she could only accept the contract on a take-it-or-leave-it basis, she does not allege that the clause itself was the product of fraud. Nor can she plausibly argue that her need to find employment was a form of duress.

Plaintiff also argues that Maryland would be an inconvenient forum for her because it would be expensive for her to pursue her litigation there. In addition, she contends that defendant is attempting to use the forum selection clause to limit its liability to suit. Haskel claims that defendant uses the forum selection clause in an attempt to reduce its susceptibility to litigation by employees and that The Registry's removal of the action to federal court is an example of a scheme to oppress employees. Plaintiff's contentions are unpersuasive given the approach of *Carnival Cruise*. As described above, the *Carnival Cruise* Court specifically held that Florida would not be so inconvenient for the Washington-based plaintiffs that they would be deprived of their day in court. *Carnival Cruise*, 499 U.S. at 594, 111 S.Ct. at 1527–28; *see also Bense v. Interstate Battery Sys. of America*, 683 F.2d 718, 720 (2d Cir. 1982) (inconvenience and expense of travelling not sufficient basis for not enforcing contractual forum selection clause). The Court also recognized that there are legiti-

mate business reasons for a corporation to limit litigation to local fora. *Id.* 499 U.S. at 593–94, 111 S.Ct. at 1527–28. While defendant apparently does not enter into contracts subjecting itself to suit in as many fora as Carnival Cruise Lines, the concerns are the same. Similarly, although defendant may have dealt harshly with its employees, exercising the right to remove a case from state to federal court does not appear to be so abusive as to constitute fraud or undue influence.

■ Haskel also contends that a transfer to Maryland would deprive her of her witnesses: other employees of defendant who were employed under a contract similar to hers and the customers of defendant who can testify as to the quality of her services. Defendant argues that other than plaintiff the relevant witnesses are located outside New York and that its witnesses, plaintiff's supervisors, are located in Maryland and Florida. This factor thus does not tip significantly either way. In addition, plaintiff has failed to provide any names of potential witnesses. *See Falconwood Financial,* 838 F.Supp. at 839 (party seeking to avoid application of forum selection clause required to name witnesses who would be unable to testify unless case was transferred as well as provide summary of their testimony); *see also Schieffelin & Co. v. Jack Co. of Boca,* 725 F.Supp. 1314, 1321 (S.D.N.Y.1989). Furthermore, neither side has stated why these witnesses could not provide deposition testimony. *See Weiss v. Columbia Pictures,* 801 F.Supp. at 1279; *see also Filmline (Cross Country) Productions, Inc. v. United Artists Corp.,* 865 F.2d 513, 520 (2d Cir.1989). However, plaintiff bears the burden of showing why the clause should not be enforced.

■ Consideration is also often given to the availability of books and records in the chosen forum. *See, e.g., Falconwood Financial,* 838 F.Supp. at 841; *Babbidge v. Apex Oil Co.,* 676 F.Supp. 517, 521 (S.D.N.Y.1987); *Mobil Corp. v. SEC,* 550 F.Supp. 67, 70 (S.D.N.Y.1982). Plaintiff has not made specific allegations that she will require voluminous documentary material which could not easily be obtained and transported to Maryland. Thus this factor does not add support

to plaintiff's opposition to transfer. She has merely stated that she will require business records of defendant's customers without specifying the nature of these records.

An additional factor to consider in the transfer analysis is the relationship between the locus of the events and the chosen forum. Plaintiff contends that, since the contract was provided in New York, signed in New York, and she performed her services for the defendant in New York, the action should remain here. While plaintiff is certainly correct that any disputes about the performance of her duties would be better tried here, the heart of the suit is the question of whether the relevant provision was contained in her contract or not. Either forum would seem to be equally well suited to resolve that dispute. In addition, it appears that at least some of plaintiff's supervision came from officers of the defendant located in Maryland.

■ Thus plaintiff has failed to satisfy the "heavy burden of proof" to show that the "serious inconvenience of the contractual forum" warrants setting aside the forum selection clause. The *Bremen,* 407 U.S. at 17, 92 S.Ct. at 1917; *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. at 595, 111 S.Ct. at 1528. Her argument that New York has a strong interest in having its corporate and labor laws enforced does not provide a basis for declining to honor plaintiff's contractual choice of forum. Plaintiff contends that the defendant is "a rogue enterprise involved in a criminal scheme to evade the payment of corporate franchise taxes, sale taxes and New York City rent occupancy taxes, and that the forum limitation in its standard form of employment contract is just another part of that scheme and plan." Sur-reply Aff. at ¶ 9. However, plaintiff has not demonstrated that she plays a significant role as a private "attorney-general" in enforcing these state laws and therefore that public policy would warrant keeping the action here. *See Red Bull Assoc. v. Best Western Int'l, Inc.* 862 F.2d 963 (2d Cir.1988).

Accordingly, the action is transferred pursuant to § 1404(a) to the Federal District Court in Maryland.

The Clerk is directed to mail a copy of the within to all parties.

SO ORDERED.