**Timothy E. FLAKE, Plaintiff,**

v.

**MEDLINE INDUSTRIES, INC. and Does 1 through 50, inclusive, Defendants.**

**Civ. No. S–94–1619–DFL.**

United States District Court,
E.D. California.

Jan. 12, 1995.

---

Susan A. Collier, Roseville, CA, for plaintiff.

L. Burda Gilbert, Weintraub, Genshlea & Sproul, Sacramento, CA, for defendants.

## ORDER

LEVI, District Judge.

Plaintiff Timothy Flake ("Flake") claims that defendant illegally fired him because of his age and has brought suit under the relevant provisions of the California Fair Employment and Housing Act. Cal.Gov't Code section 12941 et seq. Defendant Medline Industries ("Medline") seeks to dismiss the action for improper venue. The case turns on a forum selection clause in the parties' contract, which states that "[a]ny disputes arising under this Agreement shall be tried in the Courts sitting within the State of Illinois."

### I

Flake travelled from his then home state of California to sign an employment agreement at Medline's corporate headquarters in Mundelein, Illinois on December 17, 1990. Under the contract, Flake agreed to act as a sales representative for Medline, vending medical supplies and products within a territory covering a large part of Northern California. Besides the forum selection clause,

the contract contained a provision indicating that the agreement would be governed by Illinois law.

On about August 18, 1993, Medline terminated Flake's contract, claiming inadequate performance. Plaintiff alleges that to the contrary, his performance was exemplary, and that Medline actually fired him because of his age. Flake's age, 46 years, provided him protection from age discrimination under the California Fair Employment and Housing Act. Plaintiff obtained a right to sue letter from the California Department of Fair Employment and Housing, and complied with all procedural prerequisites for bringing suit.

On August 15, 1994, Flake filed suit in the Sacramento County Superior Court. Medline then removed the suit to this court on October 6, 1994, based on the diverse citizenship of the parties. Parallel to this suit, Flake has a pending federal claim for age discrimination, which he filed with the Equal Employment Opportunity Commission (EEOC) in Chicago.

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(3) on the basis of the forum selection clause.

## II

Medline's motion to dismiss raises three issues, beginning with the question of whether the forum selection clause should be given effect. If the clause does govern, the court must determine whether to enforce it under 28 U.S.C. § 1404 or 28 U.S.C. § 1406.[1] Finally, if § 1406 applies, a question remains whether Flake's complaint should be dismissed or transferred.

### A. The Forum Selection Clause Should Be Given Effect

■■ Within the Ninth Circuit, federal courts sitting in diversity should apply federal law to determine the effect of a forum selection clause. *Manetti–Farrow, Inc. v.*

*Gucci America, Inc.,* 858 F.2d 509, 512–13 (9th Cir.1988). These federal standards indicate that a forum selection clause should control absent strong countervailing factors. *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1915, 32 L.Ed.2d 513 (1971). *M/S Bremen* held that a forum selection clause should be given effect unless the court finds that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." 407 U.S. at 15, 92 S.Ct. at 1915. More recently, the Court has limited the circumstances in which recognition of a forum selection clause may be deemed unreasonable and unjust. *See Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Even though the relevant contract language was buried in the fine print of an adhesion contract, the *Carnival Cruise* Court enforced the forum selection provisions against a cruise passenger asserting a tort claim. 499 U.S. at 594, 111 S.Ct. at 1527–28. The Court found the provision reasonable because it eliminated possible confusion over where suits should be brought and conserved business resources by avoiding the cruise line's potential exposure to suits in multiple locations. *Id.* Furthermore, the Court focused its fairness analysis on determining whether the cruise line obtained plaintiffs' consent through fraud or overreaching or exhibited any bad-faith motives such as discouraging passengers from pursuing legitimate claims. 499 U.S. at 595, 111 S.Ct. at 1528.

Following this line of analysis, the Ninth Circuit recently gave effect to a forum selection clause in an action for breach of contract and related claims, including age discrimination. *See Spradlin v. Lear Siegler Management Services,* 926 F.2d 865 (9th Cir.1991). In *Spradlin,* the plaintiff had signed a two-year contract as an operations manager at Lear's facility in Saudi Arabia. *Id.* at 866. The court found that the same analysis ap-

---

1. Section 1404(a) provides:
   For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
   In comparison, section 1406(a) states:

   The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

plies to forum selection clauses in employment contracts as in other commercial contracts. *Id.* at 867. Even though the plaintiff had to travel to Saudi Arabia to litigate his claim, the court on the record before it found that the forum selection clause was not unreasonable. *Id.* at 868–69.

■ Given the strong presumption in favor of forum selection clauses, Flake has not made the necessary showing to avoid enforcement of the clause in this case. At oral argument, plaintiff argued that enforcement of the forum selection clause would be "unreasonable." However, the clause will allow Medline to conserve its resources, and defendant otherwise might be subject to litigation from sales representatives in numerous different places, much like the cruise line in *Carnival Cruise*. Furthermore, Flake's logistical difficulties would not be any greater than those of the discharged employee in *Spradlin*. Indeed, Flake is currently pursuing his claim against Medline in Illinois before the EEOC.

In arguing against enforcement of the clause, Flake principally relies on California's strong public policy interest in preventing age discrimination against employees in this state. In *M/S Bremen*, the Court stated that enforcement of a forum selection clause should be denied if it would "contravene a strong public policy of the forum in which the suit is brought." 407 U.S. at 15, 92 S.Ct. at 1916. While California does have a strong public policy interest in protecting its residents from discrimination, this interest will not be contravened as long as Flake has some legitimate remedy for his age discrimination claim.

In this case, litigation of the case in Illinois will grant Flake at least one and likely two possible remedies. First, at the very least he will retain the federal claim for age discrimination that he filed in Chicago. Additionally, for several reasons a court sitting in Illinois is likely to permit a discrimination claim by Flake based on either Illinois or California law. First, defendant concedes

that Flake has a state-law remedy, be it under Illinois or California law. At oral argument Medline stated that it would refrain from arguing to a court in Illinois that neither California nor Illinois law applied.

Second, although plaintiff contends that Illinois anti-discrimination law only covers employees who are employed within Illinois, (Pl.'s Opp'n Mot. Dismiss at 2), Illinois courts might well find plaintiff to be an Illinois employee. Flake was hired by an Illinois corporation and signed his employment contract within the State of Illinois.

Finally, at oral argument plaintiff argued that if the forum selection clause were given effect, his claim would be barred by Illinois' requirement that a six-month notice of intended suit be filed for actions of this nature. It is unclear whether this filing requirement would block Flake's state claim. Even if it did, however, plaintiff cannot avoid the forum he had contracted to accept simply by failing to adhere to its procedural requirements.

For all of these reasons, the court will give effect to the parties' agreement to litigate any disputes in courts sitting within Illinois.

### B. *Whether 28 U.S.C. § 1406 Applies*

■ The forum selection language in this case states that "[a]ny disputes arising under this Agreement shall be tried in the Courts sitting within the State of Illinois." Under this provision, jurisdiction is granted to either state or federal courts in Illinois. *See Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir.1992) (clause requiring suit "in courts in the State of Ohio" includes federal courts). Federal courts disagree whether a forum selection clause should be enforced under 28 U.S.C. § 1406 or 28 U.S.C. § 1404(a) in these circumstances. Some courts consider that the forum selection clause vitiates otherwise proper venue such that § 1406 applies. Other courts consider that venue is determined by 28 U.S.C. § 1391, and that a forum selection clause does not affect venue but instead provides a ground for transfer under § 1404(a).[2] *Com-*

---

2. Some courts find that although a forum selection clause does not destroy venue such that dismissal under § 1406 may not be had, the clause may be enforced by way of a motion under Fed.R.Civ.P. 12(b)(6). *See, e.g., LFC Lessors, Inc. v. Pacific Maintenance*, 739 F.2d 4, 7

*pare Haskel v. The FPR Registry, Inc.*, 862 F.Supp. 909, 913–16 (E.D.N.Y.1994) (forum selection clause unenforceable by motion to dismiss for improper venue) *and Lambert v. Kysar*, 983 F.2d 1110, 1112 n. 1 (1st Cir.1993) (dismissal for improper venue under forum selection clause inappropriate) *with Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir.1990) (per curiam) (dismissal for improper venue under forum selection clause appropriate) *and Medoil Corp. v. Citicorp*, 729 F.Supp. 1456, 1457 n. 1 (S.D.N.Y.1990) (motion to dismiss under forum selection clause properly considered motion to dismiss for lack of venue). After sorting through apparently conflicting Supreme Court and Ninth Circuit authorities, the court finds that § 1406 governs.

The analysis of this technical but somewhat intriguing question begins, appropriately enough, with a footnote in a 1988 Supreme Court case, which appears to suggest that § 1404 and not § 1406 applies to forum selection clauses. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 n. 8, 108 S.Ct. 2239, 2243 n. 8, 101 L.Ed.2d 22 (1988). In this footnote, the Supreme Court appears to have assumed that neither Federal Rule of Civil Procedure 12(b)(3) nor 28 U.S.C. § 1406 would apply when a forum selection clause dictates that suit should have been brought elsewhere. The Court apparently reasoned that the sole determinants of proper venue are the conditions established by 28 U.S.C. § 1391. *Stewart*, 487 U.S. at 29 n. 8, 108 S.Ct. at 2243 n. 8; *see* analysis of *Stewart* n. 8 in *Crescent International, Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944 (3rd Cir.1988).[3] The parties did not dispute the district court's ruling to this effect, however. Thus, the issue was not before the Court. The footnote is dicta, albeit what might be called "persuasive dicta."

The *Stewart* footnote would be quite persuasive if the Supreme Court had not pursued a contrary course of analysis three

years later in *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). In *Carnival Cruise*, plaintiffs sued in federal district court in Washington, their home state, for injuries sustained on one of defendant's ships in the Pacific Ocean. 499 U.S. at 588, 111 S.Ct. at 1524. Defendant moved for summary judgment. As one of the grounds for its motion, Carnival Cruise Lines argued that a forum selection clause found in the fine print on the back of the passenger ticket required dismissal in favor of the Florida courts. In the alternative, the cruise line requested that the case be transferred to the appropriate district court in Florida. Both of the defendant's motions, including the motion to transfer, were made under § 1406. *Shute v. Carnival Cruise Lines, Inc.*, 897 F.2d 377, 379, 388 n. 9 (9th Cir.1990), *rev'd on other grounds*, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

The Ninth Circuit ruled that the forum selection clause should not be enforced in the circumstances. *Carnival Cruise*, 897 F.2d at 388–89. In reversing, the Supreme Court did not explicitly discuss whether a contractual provision granting jurisdiction to another federal court should be given effect under § 1404 or § 1406. *Carnival Cruise*, 499 U.S. at 593–95, 111 S.Ct. at 1527–28. However, the Court confined its analysis to *M/S Bremen*'s consideration of whether the forum selection clause would be unreasonable and unfair. The Court did not frame the issue in terms of the multiple factors enumerated in § 1404: convenience of the parties, convenience of the witnesses, and the interests of justice. In fact, the needs and convenience of witnesses were not mentioned at all in the Court's opinion. Thus, the *Carnival Cruise* Court structured its analysis in terms foreign to § 1404. Furthermore, on remand the Ninth Circuit interpreted the Court's ruling as calling for a dismissal, an action which

---

(1st Cir.1984); *Lambert v. Kysar*, 983 F.2d 1110, 1112 n. 1 (1st Cir.1993), cited in text (relying on *LFC Lessors*).

**3.** The precise language of footnote eight is as follows:

The parties do not dispute that the District Court properly denied the motion to dismiss

the case for improper venue under 28 U.S.C. § 1406(a) because respondent apparently does business in the Northern District of Alabama. See 28 U.S.C. § 1391(c) (venue proper in judicial district in which corporation is doing business).

could only reflect the application of § 1406.[4] Thus, the *Carnival Cruise* Court appears to have found § 1406 applicable in these circumstances, contrary to any implication in the *Stewart* footnote.

Additionally, the Ninth Circuit has explicitly endorsed the use of § 1406 to transfer or dismiss based on a forum selection clause. The court took this position in its first *Carnival Cruise* opinion, the one reversed by the Supreme Court. *Shute v. Carnival Cruise Lines, Inc.*, 897 F.2d at 388, n. 9. This part of the Ninth Circuit's opinion appears to have been left untouched by the Supreme Court's reversal, for the reasons discussed above. Since the Supreme Court appeared to use a § 1406 analysis, on remand the Ninth Circuit interpreted the Court's ruling as calling for a dismissal under § 1406.

■ Thus, the use of § 1406 to transfer or dismiss based on a forum selection clause appears to have been endorsed by the Supreme Court, implicitly, and the Ninth Circuit, explicitly. This authority is controlling.

### C. *Whether the Court Should Transfer or Dismiss Under § 1406*

■ Section 1406(a) directs the court to "dismiss, or if it be in the interest of justice, transfer" a case filed in the wrong division or district. At oral argument counsel for Flake indicated that if the case could not be heard in California, plaintiff would seek transfer rather than dismissal. "Normally transfer will be in the interest of justice because normally dismissal of an action that could have been brought elsewhere is 'time-consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990) (addressing transfer under 28 U.S.C. § 1631), (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962) (addressing transfer under 28 U.S.C. § 1406)). Consistent with this presumption, transfer is in the interest of justice in this case. *See Lexington Investment Co. v. Southwest Stainless, Inc.*, 697 F.Supp. 139, 144 (S.D.N.Y.1978) (transferring case because of improper venue based on a forum selection clause).

■ Venue is proper in the Northern District of Illinois, where Medline is headquartered and the parties signed their employment agreement. 28 U.S.C. § 1391. Therefore, the case should be transferred to the Northern District of Illinois.

### III

Flake signed a forum selection clause agreeing to resolve any disputes concerning his employment agreement in courts sitting within Illinois. In order to uphold the terms of the contract and expedite the resolution of plaintiff's claims in the proper forum, the case is ordered transferred to the Northern District of Illinois.

IT IS SO ORDERED.

---

4. The Court of Appeals did not state the basis for its dismissal of the case, indicating only that it was "for the reasons set forth" in the Supreme Court opinion. *Shute v. Carnival Cruise Lines,*

934 F.2d 1091 (9th Cir.1991). However, since § 1404 only permits transfer, § 1406 must have been the basis of the dismissal.