CRESCENT INTERNATIONAL,
INC., Appellant,

v.

AVATAR COMMUNITIES, INC. and
Smede International, Inc.,
Appellees.

No. 87–1792.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
June 2, 1988.

Decided Sept. 29, 1988.

Richard H. Elliott, Cotlar, Aglow & Elliott, Doylestown, Pa., for appellant.

Dennis A. Durkin, Thomas E. Durkin, Jr., Newark, N.J., for appellee Smede Intern., Inc.

Raymond T. Cullen, Morgan, Lewis & Bockius, Philadelphia, Pa., for appellee Avatar Communities, Inc.

Before SEITZ, SLOVITER and HUTCHINSON, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This case involves the validity and interpretation of a forum selection clause in an agreement under which appellant Crescent, a Pennsylvania based corporation, sold Florida real estate owned by appellee Avatar, a Florida corporation, in return for commissions. The agreement chose Florida law and provided that "any litigation upon any of [its] terms.... shall be maintained" in a state or federal court in Miami, Florida.

Crescent, nevertheless, filed an action in the United States District Court for the Eastern District of Pennsylvania, alleging breach of the contract and related claims based on the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, misrepresentations, unfair competition, conversion, fraud and tortious interference with Crescent's business relationships. The district court granted Avatar's Rule 12 motion to dismiss, based on the forum selection clause.

The case was originally submitted June 2, 1988, but held pending decision by the Supreme Court in *Stewart Organization, Inc. v. Ricoh Corp.*, — U.S. —, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988).

■ Thereafter, we asked the parties to submit supplemental memoranda of law on the effect of the *Ricoh* decision on this case. They have done so and the matter is now ripe for decision. We have jurisdiction over this interlocutory order enforcing a forum selection clause under 28 U.S.C.

§ 1291 and portions of § 1292. *See In Re Diaz Contracting, Inc.*, 817 F.2d 1047 (3d Cir.1987). Our scope of review is plenary. *Id.*

The *Ricoh* case involved the issue of whether state or federal law applies in judging the enforceability of a forum selection clause. Because it arose on a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to a forum the parties had selected, the Supreme Court held that the provisions of that statute, rather than either state or federal judge-made law, governed the enforceability of the forum selection clause. Accordingly, the Court remanded the case to the district court for the purpose of considering the factors appropriate to § 1404(a) in deciding whether to grant the motion to transfer. No motion to transfer is involved here and the parties agree that § 1404(a) and the *Ricoh* holding are inapplicable to this case and that no other federal statute controls.[1]

■ Crescent does not argue that the forum selection clause is unenforceable. Instead, it argues that it is so narrowly drafted that it does not apply to its claims of RICO violation, fraud, unfair competition and tortious interference. The district court correctly construed the contract otherwise and dismissed the action. Crescent cites no case law supporting its position from any of the jurisdictions (federal, Florida or Pennsylvania) which could conceivably govern this question. Although only one of Crescent's claims is based on a breach of contract theory, all of them involve allegations arising out of the agreement implicating its terms. The cases Avatar would have us hold inapplicable may be distinguished by variations in the language of the relevant forum selection clauses. We think, however, they demonstrate a principle that pleading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms.

---

1. In *Ricoh* the Court was careful to limit its holding to whether § 1404(a) governed a motion to transfer a case because of a forum selection clause. It might be thought that 28 U.S.C. § 1406, authorizing dismissal for improper ven-

ue, is an applicable federal statute. However, in *Ricoh, supra*, the Court said that § 1406 does not apply when, as here, venue is proper under 28 U.S.C. § 1391. *Ricoh*, 108 S.Ct. at 2243 n. 8.

*See Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190 (3d Cir.), *cert. denied,* 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983) (applying forum selection clause to related tort claims as well as to contract claims of third party beneficiary); *Bense v. Interstate Battery System of America, Inc.,* 683 F.2d 718 (2d Cir.1982) (applying forum selection clause in distributorship agreement to anti-trust claim); *Rini Wine Co., Inc. v. Guild Wineries and Distilleries,* 604 F.Supp. 1055 (N.D.Ohio 1985) (relied on by the district court here) (applying forum selection clause in franchise agreement to anti-trust claim). The narrow interpretation suggested by Crescent would permit avoiding a forum selection clause by simply pleading non-contractual claims in cases involving the terms of a contract containing the parties' choice of forum. Adopting it runs counter to the law favoring forum selection clauses in all three jurisdictions whose law might apply. *See Scherck v. Alberto–Culver Co.,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 *reh'g den.* 419 U.S. 885, 95 S.Ct. 157, 42 L.Ed.2d 129 (1974); *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Central Contracting Co. v. Maryland Casualty Co.,* 367 F.2d 341 (3d Cir.1966); *Manrique v. Fabbri,* 493 So.2d 437 (Fla.1986); *Central Contracting Co. v. C.E. Youngdahl & Co. Inc.,* 418 Pa. 122, 209 A.2d 810 (1965).

We will therefore affirm the order of the district court.