**BEHAVIORAL HEALTH INDUSTRY NEWS, INC. d/b/a Open Minds, Plaintiff**

v.

**Lorrie L. LUTZ, Defendant**

**No. CIV. A. 1:CV–98–1037.**

United States District Court, M.D. Pennsylvania.

Nov. 4, 1998.

James J. Kutz, Eckert, Seamans, Cherin & Mellott, Mark D. Bradshaw, Eckert, Seamans, Cherin & Mellott, Harrisburg, PA, for Plaintiff.

Jonathan F. Bloom, Stradley, Ronon, Stevens & Young, LLP, Robert J. Haurin, Stradley, Ronon, Stevens & Young, LLP, Johnathon F. Bloom, Philadelphia, PA, for Defendant.

### MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction.*

The plaintiff, Behavioral Health Industry News, Inc., d/b/a/ Open Minds ("BHIN"), a corporation with its principal place of business in Gettysburg, Pennsylvania, filed a complaint against the defendant, Lorrie L. Lutz, a former employee of BHIN and a resident and citizen of New Hampshire, for breach of a written employment agreement. BHIN seeks specific performance against Lutz of a clause in the agreement prohibiting her from contacting BHIN's clients.

We are considering Lutz's motion to dismiss for lack of personal jurisdiction. Although Lutz argues that she lacks sufficient personal contact with Pennsylvania to allow the court to exercise personal jurisdiction over her, her motion can be denied because she consented to jurisdiction by way of the forum selection clause in the employment agreement.

### II. *Background.*

This background is based on the complaint and the undisputed facts as they appear from evidence in the record. On or about July 15, 1997, Lutz executed a two-year employment contract with BHIN to act as a consultant in the field of child welfare. Lutz had previously operated her own consulting business and had had clients in various states. In the past, she had also been the Director of Child Welfare for the State of New Hampshire and the Director of Catholic Charities for the State of Minnesota.

Paragraph 10(C) of the agreement prohibits Lutz from soliciting BHIN's clients for a 24–month period after termination of the agreement. The nine-page agreement also

contains a forum selection clause which reads as follows:

> Any action arising out of or relating to any of the provisions of this Agreement may, at the election of the Employer, be brought and prosecuted only in the courts of the Commonwealth of Pennsylvania, and in the event of such election the parties hereto consent to the jurisdiction and venue of said courts.

(Complaint, exhibit A, ¶ 15).

Before signing the agreement, Lutz discussed the following terms with Monica E. Oss, BHIN's president: (1) the noncompete provision, (2) BHIN's option on a manuscript Lutz had written, (3) compensation, (4) severance pay, and (5) Lutz's right to terminate the agreement with notice. They did not discuss the forum selection provision, and Lutz asserts that she was unaware of it until this litigation was filed. Lutz came to Pennsylvania at least one time to discuss the agreement, and she returned to New Hampshire with it unsigned. Lutz executed the agreement in New Hampshire.

With about 14 months left on the agreement, Lutz resigned in May of 1998. Thereafter, BHIN filed this suit, seeking to enforce the noncompete provision.

### III. *Discussion.*

In moving to dismiss for lack of personal jurisdiction, Lutz argues that the forum selection clause is unenforceable, relying mainly on *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), and *Dentsply International, Inc. v. Benton,* 965 F.Supp. 574 (M.D.Pa.1997) (Caldwell, J.). Based on these cases, she argues that the clause should be invalidated because: (1) it was the result of unequal bargaining power between herself as employee and BHIN as employer; and (2) BHIN never explained the clause to her, she was unaware of it, and the clause is merely "boilerplate" that BHIN "drafted to its advan-

tage" and buried on page eight of a nine-page agreement.

In *The Bremen,* the Supreme Court held that forum selection clauses should generally be upheld unless the facts show that enforcement would be unfair or unreasonable or that the agreement was procured through fraud, undue influence, overweening bargaining power or overreaching.

We see none of that in the current case. The defendant had held high-level positions in the past. She came to Pennsylvania and negotiated the agreement and then took it back to New Hampshire before signing it. Obviously, the defendant chose to become employed by the plaintiff and was not under duress or subject to overreaching when she made the contract.

Nor can the defendant complain about her lack of knowledge of the provision or the failure of the plaintiff to explain it to her. A party to a contract is obligated to read it before she signs it and cannot complain that the other party did not explain it to her. Additionally, the lack of negotiation over this clause does not render it unenforceable. *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). We also note that the clause is in the same size print as the rest of the agreement so that the defendant cannot complain that it was buried or inconspicuous.[1]

Lutz's reliance on *Dentsply, supra,* is misplaced. In *Dentsply,* we did refuse to enforce a forum selection clause in an employment agreement. However, in that case the employee was already in the job, one he had held with the company that had been acquired by his new employer. We concluded that the pressure to "preserve" a job a person already had rendered the employee-employer relationship so inherently unequal that we would not enforce a forum selection clause in the employment agreement the employee executed with his new employer. In doing so, we specifically distinguished cases like the instant one where agreements had

---

1. Lutz has also argued that BHIN had agreed to delete the noncompete clause from the agreement, so she thought she could directly compete with BHIN. To the extent this raises a fraud claim, it cannot invalidate the forum selection clause since she must show that the clause itself was the product of fraud or coercion, not the agreement as a whole. *See Dentsply, supra,* 965 F.Supp. at 577.

been executed "while the employee still had a choice to enter into the employment relationship." 965 F.Supp. at 578, citing *Spradlin v. Lear Siegler Management Services Co., Inc.,* 926 F.2d 865 (9th Cir.1991).

Lutz also argues that the forum selection clause should not be enforced because a successful defense of this action in Pennsylvania would outweigh the cost of proceeding here. We reject this argument because, while this may be a valid reason for not enforcing the forum selection clause, the defendant has not supplied us with specific evidentiary facts to support it. We will not rely on general averments made in a brief. *See Spradlin, supra.*

We will issue an appropriate order.