Antoniette BARBUTO and George Geregach, Plaintiffs,

v.

MEDICINE SHOPPE INTERNATIONAL, INC., Defendant.

No. 00–2531.

United States District Court, W.D. Pennsylvania.

Oct. 4, 2001.

Joseph F. McDonough, Robert D. Finkel, Manion, McDonough & Lucas, Pittsburgh, PA, for plaintiffs.

Stephen H. Rovak, Philip J. Christofferson, Sonnenschein, Nath & Rosenthal, St. Louis, MO, for defendant.

## OPINION

COHILL, District Judge.

Before the Court is the Motion to Dismiss Pursuant to Rules 12(b)(3) and 12(b)(6) and 28 U.S.C. § 1406(a) or, in the Alternative, Motion to Transfer Pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a) (Doc. 6), filed by defendant Medicine Shoppe International, Inc. ("MSI"). Plaintiffs have filed a brief in opposition (Doc. 9), to which MSI has filed a reply (Doc. 10) and plaintiffs a surreply which raised, *inter alia,* the question of whether we have subject matter jurisdiction over this matter (Doc. 11). Plaintiffs have also filed a Stipulation Regarding Relief Sought (Doc. 14). We permitted the defendants to file a supplementary brief on the jurisdictional issue (Doc. 13).

Having fully considered the parties' submissions, we find that we have subject matter jurisdiction; for the reasons set forth below, we will deny defendant's motion insofar as it seeks to dismiss this action, but will grant its motion to transfer, and will order that the case be transferred to the United States District Court for the Eastern District of Missouri.

## Background

Plaintiffs Antoniette Barbuto and George Geregach are licensed pharmacists. Compl. at ¶ 11. In 1989, they entered into a licensing agreement ("the Agreement") with defendant MSI to operate a pharmacy in Aliquippa, Beaver County, Pennsylvania as a Medicine Shoppe Pharmacy ("the Pharmacy"). Compl. at ¶ 16.

The Agreement provides that the plaintiffs may operate a pharmacy, under the Medicine Shoppe name, in a territory which is defined as all of Center Township and Hopewell Township, Beaver County, and a portion of the Borough of Aliquippa ("the Territory"). Compl. at ¶ 18. Under the Agreement, plaintiffs pay MSI a continuing license fee equal to a set percentage of the gross revenues collected during the preceding month at the Pharmacy. Compl. at ¶ 19.

The parties may terminate the Agreement for cause or without cause. Compl. at ¶ 23. They allege that "[a]s a result of dramatic changes in the reimbursement strategy for health care, including prescription drugs, the parties cannot continue to operate under the structure contained in the License Agreement." Compl. at ¶ 22. Plaintiffs have informed MSI that they intend to terminate the Agreement for cause, and operate the Pharmacy as an independent pharmacy. Compl. at ¶ 23.

The Agreement includes a covenant not to compete. Plaintiffs assert that the non-competition provision is unenforceable, whether they terminate for cause or without cause. Compl. at ¶¶ 26, 29.

Plaintiffs filed this action in the Court of Common Pleas of Beaver County, Pennsylvania, at Case No. 12094-2000, on December 5, 2000. Count I of the complaint seeks a declaratory judgment as to the

parties' rights and duties under the Agreement. Count II asks the Court to enjoin enforcement of the non-competition provision of the Agreement.

Defendant promptly filed a notice of removal to the United States District Court for the Western District of Pennsylvania under 28 U.S.C. §§ 1332, 1441, and 1446. It now seeks to have this action dismissed for improper venue or transferred to the Eastern District of Missouri under the Agreement's forum selection clause.

### Jurisdiction

■ Plaintiffs have questioned our subject matter jurisdiction over this case. Defendant asserts that original jurisdiction lies in this Court under 28 U.S.C. 1332(a), the federal diversity statute, which provides for original jurisdiction in the district courts of all actions where there is complete diversity of citizenship between the parties and where the matter in controversy exceeds the sum of $75,000. The diversity of citizenship requirement is clearly met. Plaintiffs are citizens of Pennsylvania. Compl. at ¶¶ 8, 9. Defendant MSI is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Missouri. Compl. at ¶ 10.

Plaintiffs contend, however, that MSI has not sufficiently established that the amount in controversy in this matter exceeds $75,000. Plaintiffs' argument is that since MSI's position regarding the amount is premised only upon plaintiffs' request that the Agreement between the parties be terminated for cause, and that issue has been put before an arbitrator, the only relief sought by the plaintiffs is: (1) a declaration that a non-competition provision contained in an Agreement entered into between plaintiffs and MSI is invalid and unenforceable; (2) an injunction against MSI from attempting to enforce the clause and to declare that they are

entitled to operate a pharmacy within a defined territory; and (3) a declaration that plaintiffs are entitled to operate a pharmacy within a defined territory. These remaining grounds for relief, plaintiffs argue, do not support the requisite amount in controversy.

■ We reject the plaintiffs' argument. The law is clear that a court considering the amount in controversy for purposes of diversity jurisdiction is limited to a review of the allegations contained in the plaintiff's complaint, regardless of whether the plaintiff's demands change after removal such that the amount in controversy no longer exceeds $75,000. *Angus v. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir.1993). "Where diversity exists at the time the case is filed, it is not affected by the dismissal of one of the claims, even though the amount recoverable on the remaining claim is less than [$75,000]." *Lindsey v. M.A. Zeccola & Sons, Inc.*, 26 F.3d 1236, 1244 n. 10 (3d Cir.1994). Plaintiffs' complaint seeks, *inter alia*, a declaration that the Agreement entered into by the parties has been terminated for cause, a declaration that would allow plaintiffs to cease paying MSI licensing fees in excess of $75,000 for the next eight years. Even if this question has been referred to arbitration and may ultimately drop from the case before the Court, the amount in controversy would be satisfied by the allegations in the complaint as filed.

■ Furthermore, "[i]n injunctive actions, it is settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief." *In re Corestates Trust Fee Litigation*, 39 F.3d 61, 65 (3d Cir.1994). The Court of Appeals for the Third Circuit has explained that "it is the value to the plaintiff to conduct his business or personal affairs free from the activity sought to

be enjoined that is the yardstick for measuring the amount in controversy." *Id.* at 65. Barbuto and Geregach here seek an injunction prohibiting MSI from enforcing the non-compete provision, which would permit plaintiffs to convert their Medicine Shoppe pharmacy to an independently operated establishment and to profit thereby. Accordingly, we find that the requisite amount in controversy has been sufficiently pled in plaintiffs' complaint to satisfy the amount in controversy requirement of 28 U.S.C. § 1332, and that we have subject matter jurisdiction over this action.

**Applicable Legal Standards**

Federal Rule of Civil Procedure 12(b)(3) authorizes a district court to dismiss an action for improper venue. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

**Analysis**

Defendant moves to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a). The basis for MSI's motion is that the Agreement contains a forum selection clause that requires any dispute about the non-competition clause contained in the Agreement to be litigated in the state or federal court systems of St. Louis, Missouri. Therefore, it is MSI's position that this Court is not a proper venue, and the action should be heard in the United States District Court for the Eastern District of Missouri.

MSI also urges dismissal under Fed. R.Civ.P. 12(b)(6), arguing that plaintiffs fail to state a claim upon which relief can be granted because of the parties' contractual agreement to litigate in Missouri.

In the alternative, defendant's motion asks that we transfer this action to the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a), for consolidation with *Medicine Shoppe International, Inc. v. Barbuto and Geregach,* Case No. 4:00CV002043. MSI contends that transfer is appropriate because the parties agreed to litigate all disputes in the courts of Missouri.

In response, plaintiffs assert that the forum selection clause contained in the Agreement is unfair and unreasonable, and thus it is not enforceable and this Court is the proper venue for this action.

Since our determination of whether to dismiss or to transfer this action depends upon whether the forum selection clause in the Agreement is enforceable, we turn first to that question.

**Forum Selection Clause**

Section 14(I) of the Agreement provides as follows:

*FORUM AND VENUE.* We, you and your owners hereby agree that any action for a preliminary injunction, to compel arbitration, or to enforce an arbitrator's award shall be brought only in the Federal District Court of the Eastern District of Missouri, unless such court shall lack jurisdiction, in which case, such action shall be brought only in the state courts in St. Louis County, Missouri; . . . . Any other cause of action which is not required to be arbitrated pursuant hereto . . . shall be brought only in the state or federal courts of general jurisdiction in St. Louis, Missouri, and we, and our affiliates, officers,

directors, shareholders and employees, you and your owners hereby irrevocably consent to the jurisdiction of such courts and hereby waive any objection to the jurisdiction or venue or [sic] such courts.

License Agreement at 33, ¶ I.

Under the Agreement, a dispute with respect to the Agreement's non-competition clause is not subject to arbitration. License Agreement at 32, ¶ G.

■ Initially, we note that despite the plaintiffs' insistence that state law governs our analysis of the forum selection clause, it is clear that it does not. "[I]n federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law." *Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 877 (3d Cir.1995). This is because " '[q]uestions of venue and enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature'." *Id.*, (citing *Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir.1990)).

■ In *Foster v. Chesapeake Insurance Company, Ltd.*, 933 F.2d 1207 (3d Cir. 1991), the Court of Appeals for the Third Circuit explained the test to be applied in determining whether to enforce a forum selection clause:

[i]n *The BREMEN v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513, the Supreme Court held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *Id.* at 10, 92 S.Ct. at 1913. A forum selection clause is "unreasonable" where the [party] can make a "strong showing," *Id.* at 18, 92 S.Ct. at 1917, *either* that the forum selected is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court," *Id.* at 18,

92 S.Ct. at 1917, *or* that the clause was procured through "fraud or overreaching," *Id.* at 15, 92 S.Ct. at 1916. *Foster*, 933 F.2d at 1219.

There are no allegations that the forum selection clause at issue here was the product of fraud or overreaching.

■ Plaintiffs argue that the clause is unenforceable because it is part of a non-negotiated contract of adhesion. Pls.' Br. at 12. They explain that "Defendant required that Plaintiffs execute their standard, form license agreement and would not negotiate any of its terms. Moreover the forum selection clause was never discussed or reviewed, let alone negotiated, and Barbuto and Geregach were not represented by counsel." *Id.*

■ None of these circumstances make enforcement of the clause unreasonable. To begin with, "[a] party cannot contest the validity of a forum selection clause by questioning the enforceability of the entire contract ... [but] must show that the clause itself was the product of fraud or coercion." *Dentsply International, Inc. v. Benton*, 965 F.Supp. 574, 577 (M.D.Pa.1997)(citing *Corinthian Media, Inc. v. Yelsey*, 1992 WL 47546 (S.D.N.Y. 1992); *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 n. 14, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974)). Furthermore, "[t]hat there may not have been actual negotiations over the clause does not affect its validity." *Foster*, 933 F.2d at 1219 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991)).

■ And, although plaintiffs complain that they are merely individuals and were not represented by counsel, they were hardly in the position of powerless employees forced to sign the contract in order to continue their employment. Courts generally enforce a forum selection clause in the

employment context where the contract was executed "while the employee still had a choice to enter into the employment relationship." *Behavioral Health Industry News, Inc. v. Lutz*, 24 F.Supp.2d 401, 402–03 (M.D.Pa.1998) (quoting *Dentsply International, Inc. v. Benton*, 965 F.Supp. 574, 578 (M.D.Pa.1997)); *Spradlin v. Lear Siegler Management Services Co., Inc.*, 926 F.2d 865 (9th Cir.1991) (and cases cited therein). Barbuto and Geregach chose to enter a licensing arrangement with MSI. Although this may be a form contract, the plaintiffs were under no pressure to sign it. Both had worked together as pharmacists before the contract with MSI, and they chose MSI over any other business arrangements they might have made. Indeed, they are sufficiently sophisticated businesspeople that they intend to operate their own pharmacy, a plan which gave rise to this litigation. Plaintiffs have pointed to nothing in the Agreement itself or the circumstances surrounding the contract to open and operate the Pharmacy, which would lead us to conclude that they were forced to sign the contract in order to maintain their employment.

Additionally, plaintiffs argue that the forum selection clause is unreasonable because having to litigate in Missouri would effectively deprive them of their day in court. The United States Supreme Court clearly rejected this argument in *Carnival Cruise Lines*, when it found that "Florida is not a 'remote alien forum'" for respondents who were residents of the State of Washington. 499 U.S. at 594, 111 S.Ct. 1522 (citing *The BREMEN*, 407 U.S. at 17, 92 S.Ct. 1907). Plaintiffs' argument that they "do not possess sufficient resources to litigate this matter in Missouri" and that they cannot afford the time away from their business (Pls.' Br. at 12–13) simply does not rise to the strong showing necessary to demonstrate that Missouri is "so gravely difficult and inconvenient that

[they] will for all practical purposes be deprived of [their] day in court." *The BREMEN*, 407 U.S. at 18, 92 S.Ct. 1907.

Accordingly, we find that Barbuto and Geregach have failed to overcome the presumption that the forum selection clause is valid.

### Venue

Having determined that the forum selection clause in the Agreement between plaintiffs Barbuto and Geregach and defendant MSI is valid and enforceable, we must now decide where this case will proceed.

Venue questions in federal court are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). As the Third Circuit has explained, "[s]ection 1404 provides for the transfer of a case where both the original and requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." *Jumara*, 55 F.3d at 878. MSI has moved for dismissal under § 1406(a), or for transfer under either statutory provision.

 It is clear to us that Section 1406 is inapplicable here because the original venue, being the Western District of Pennsylvania, is proper. Under the federal venue statute, an action based upon diversity of citizenship may be properly filed "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(2). This district is where the plaintiffs reside, where the subject matter of the dispute is located, and where both parties transact business. We reject defendant's argument that the original venue is improper because the forum selection clause specifies litigation elsewhere.

This is not the applicable legal standard. Our Court of Appeals has clearly stated that "where venue would be proper in the initial forum court, provided no forum selection clause covered the subject matter of the lawsuit, it is inappropriate to dismiss pursuant to 28 U.S.C. § 1406." *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir.2001) (citing *Jumara*, 55 F.3d at 878–79). Since venue is proper in this Court, defendant's motion will be denied insofar as it seeks dismissal or transfer under Section 1406 or Rule 12(b)(3).

 Section 1404(a) permits a case to be transferred to another federal district court. We recognize that "a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum." *Salovaara*, 246 F.3d at 298 (citing *Crescent Int'l Inc. v. Avatar Communities, Inc.*, 857 F.2d 943 (3d Cir.1988)). However, "as a general matter, it makes better sense, when venue is proper but the parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue, to transfer rather than dismiss. And if a defendant moves under § 1404(a), transfer, of course, is the proper vehicle (assuming the reasonableness of the forum selection clause)." *Salovaara*, 246 F.3d at 299.

Since the Agreement here includes a valid and enforceable forum selection clause which specifies a federal forum which would have jurisdiction over this matter, we decline to dismiss this action under Fed.R.Civ.P. 12(b)(6) or Section 1406(a) but will consider whether venue in this matter should be transferred to the Eastern District of Missouri.

 The statute gives this Court the discretion to transfer venue as follows:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

In considering a motion to transfer under § 1404(a), courts must consider the three statutory factors: the convenience of the parties, the convenience of witnesses, and the interests of justice. In addition, courts have weighed the plaintiff's original choice of forum, the location of books and records, the enforceability of the judgment, and any other practical considerations that could affect the trial. *Jumara*, 55 F.3d at 879–80.

We begin our analysis with the relative convenience of litigating in each forum. Plaintiffs assert that they would effectively be denied their day in court because the St. Louis forum would cause financial and business hardship. We recognize that litigating this action in Missouri would be less convenient for the plaintiffs than keeping it here in the Western District of Pennsylvania. However, the plaintiffs have not presented evidence of any such difficulty beyond the conclusory statement that hardship exists. The United States Supreme Court has made it clear that a plaintiff's financial hardship alone is not dispositive in determining questions of venue. *Carnival Cruise Lines*, 499 U.S. at 594, 111 S.Ct. 1522. Furthermore, the defendant would be similarly inconvenienced by continuing the litigation in Pennsylvania. This factor does not tip the balance toward either party.

As to the convenience to witnesses, this, too, is a draw. Plaintiffs assert that Pennsylvania is more convenient for its potential third-party witnesses, while MSI argues that all of its expected witnesses reside and work in the St. Louis area.

Plaintiffs argue that the interests of justice favor keeping the action in Pennsylvania, since the issues raised by the non-compete clause in the Agreement are of local concern. We note, however, that arbitration of most of the issues in this action is pending in St. Louis, and that transfer would permit this case to be consolidated with that action. It does not appear to us that the interests of justice would be ill-served if we transfer this lawsuit to the Eastern District of Missouri.

Turning to other factors, MSI argues that all of the records pertaining to the relationship between the parties are in MSI's office in St. Louis. Plaintiffs, on the other hand, state that their records are here in Pennsylvania. Simple logic suggests that each of these assertions is likely to be so, and we cannot say that either venue is more reasonable than the other as to records. Nor are we persuaded that a federal judge sitting in either Pennsylvania or Missouri can better interpret Missouri law.

Finally, we turn to the weight to be given to the plaintiffs' choice of forum, which brings us back to the forum selection clause. We have determined that this clause, in which the parties agreed to litigate all disputes in the federal district court of the Eastern District of Missouri or, if that court lacks jurisdiction, in the state courts in St. Louis County, Missouri, is valid and enforceable. Although plaintiffs argue strenuously that there is a strong presumption in favor of their choice of forum, this is not an accurate statement of the law in this case. Since we have found the forum selection clause to be valid and enforceable, "plaintiffs bear the burden of demonstrating why they should not be bound by their contractual choice of forum." *Jumara*, 55 F.3d at 880. "Although the parties' agreement as to the most proper forum should not receive dis-

positive weight, it is entitled to substantial consideration." *Id.* (internal citations omitted). In this case, we find that transfer to the Eastern District of Missouri, where the parties agreed to litigate all claims arising out of the license agreement, is appropriate, and we will grant defendant's motion to that effect.

### Conclusion

For the reasons set forth above, we will deny defendant's motion insofar as it seeks to dismiss this action, and will GRANT its motion to transfer venue (Doc. 6), and will order that the case be transferred to the United States District Court for the Eastern District of Missouri.

An appropriate Order follows.

### ORDER

AND NOW, to-wit, this 4th day of October, 2001, for the reasons set forth in the accompanying Opinion, IT IS HEREBY ORDERED THAT the "Motion to Dismiss Pursuant to Rules 12(b)(3) and 12(b)(6) and 28 U.S.C. § 1406(a) or, in the alternative, Motion to Transfer pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a)" (Doc. 6), filed by defendant Medicine Shoppe International, Inc., be and hereby is GRANTED IN PART AND DENIED IN PART as follows:

Said motion (Doc. 6) is DENIED insofar as it seeks a dismissal of this action, or a transfer of venue under 28 U.S.C. § 1406(a).

Said motion (Doc. 6) is GRANTED insofar as it seeks a transfer of venue under 28 U.S.C. § 1404(a). The Clerk of Court be and hereby is directed to transfer this matter to the United States District Court for the Eastern District of Missouri forthwith.