**BBDOVA, LLC d/b/a Wireless Zone, Plaintiff,**

v.

**AUTOMOTIVE TECHNOLOGIES, INC., Defendant.**

**No. CIV. 04–1448–SLR.**

United States District Court, D. Delaware.

Feb. 25, 2005.

Christopher Alan Selzer, Esquire of Robinson, Grayson & Dryden, P.A., Wilmington, DE, for Plaintiff.

William M. Kelleher, Esquire of Ballard, Spahr, Andrews & Ingersoll, LLP, Wilmington, DE, for Defendant.

## MEMORANDUM OPINION

SUE L. ROBINSON, Chief Judge.

## I. INTRODUCTION

On October 20, 2004 plaintiff sued defendant in the Superior Court of the State of Delaware in and for New Castle County, requesting declaratory judgment that an amendment to a contract it had with defendant was void for lack of consideration. (D.I. 1, ex. B) Defendant removed the case to this court. (D.I. 1) Presently before the court is defendant's motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, to transfer the case to the District of Connecticut pursuant to 28 U.S.C. § 1404(a). (D.I. 2) For the reasons set forth below, the court denies defendant's motion to dismiss,[1] but grants defendant's motion to transfer.

---

1. The court will dispose of defendant's motion to dismiss in this footnote. Defendant's sole argument that this case should be dismissed is presented in one paragraph of its motion:

   While 28 U.S.C. § 1404(a) permits a case to be transferred to another federal district court, "a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum." *Salovaara v. Jackson Nat'l Life Ins. Co.,* 246 F.3d 289, 298 (3d Cir.2001) (*citing Crescent Int'l Inc. v. Avatar Communities [sic], Inc.,* 857 F.2d 943 (3d Cir. 1988)). Accordingly, the parties' forum selection clause should be enforced by the Court dismissing Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

   (D.I. 3 at 9) *Salovaara* and *Crescent* are both distinguishable from the present matter. Both *Salovaara* and *Crescent* involved contracts between the plaintiff and defendant which included a forum selection clause stating that any litigation must be brought in a particular state's federal or state courts. *Salovaara,* 246 F.3d at 297; *Crescent,* 857 F.2d at 944. In both cases the plaintiff brought suit in a state other than the one specified in the forum selection clause. The defendant in each of these cases filed a motion to dismiss rather than filing a motion to transfer. Each district court granted the motion to dismiss. In both *Salovaara* and *Crescent,* the Third Circuit reviewed whether, under these circumstances, each respective district court's grant of the motion to dismiss was proper. In each case the Third Circuit concluded that dismissal was proper. However, in the present matter defendant filed both a motion to

## II. BACKGROUND

Plaintiff BBDova, LLC is a New Jersey limited liability company, having its principal place of business at 1121 Churchman's Road, Newark, DE 19713. Plaintiff is an authorized Delaware foreign corporation and may conduct business in the state of Delaware. (D.I. 15 at 7)

Defendant Automotive Technologies, Inc. is a Connecticut corporation with its principal place of business at 34 Industrial Park Place, Middletown, CT 06457. (*Id.*) Defendant is engaged in the business of franchising third parties to own and operate Wireless Zone retail stores.[2] (D.I. 3 at 2) When defendant franchises a Wireless Zone retail store, the obligations and duties of the franchisee are subject to, and governed by, the terms of written franchise agreements. (*Id.*) Defendant provides all prospective franchisees, at certain mandated pre-sale disclosure time periods, with copies of its then current Uniform Franchise Offering Circular ("UFOC"), which includes a complete description of each party's rights and obligations under the franchise agreement and a copy of defendant's then current franchise agreement. (*Id.*)

Plaintiff, as a prospective franchisee of defendant, received, on a pre-sale basis, a copy of defendant's then current UFOC. (*Id.*) The cover page of the UFOC disclosed the following:

**Risk factors:**

**THE FRANCHISE AGREEMENT REQUIRES LITIGATION IN CONNECTICUT. OUT OF STATE LITIGATION MAY FORCE YOU TO ACCEPT A LESS FAVORABLE SETTLEMENT FOR DISPUTES.**

**IT MAY ALSO COST MORE TO LITIGATE WITH U.S. IN CONNECTICUT THAN IN YOUR HOME STATE.**

**THE FRANCHISE AGREEMENT STATES THAT CONNECTICUT LAW GOVERNS THE AGREEMENT, AND THIS LAW MAY NOT PROVIDE THE SAME PROTECTION AND BENEFITS AS LOCAL LAW. YOU MAY WANT TO COMPARE THESE LAWS.**

(*Id.* at 3, ex. 1) (emphasis in original) In Item 17 of the UFOC received by plaintiff, defendant disclosed that Section 17.06 of defendant's then current franchise agreement contained a choice of forum clause requiring all disputes be litigated in Connecticut and a choice of law clause requiring all disputes be resolved through Connecticut law. (*Id.*, ex. 1) A sample of defendant's franchise agreement was attached as an exhibit to the UFOC plaintiff received. (*Id.* at 3–4, ex. 1)

On or about August 11, 2003 plaintiff and defendant entered into ATI Franchise Agreement No. WZ–187 ("the Agreement") for the operation of a Wireless Zone retail store at 1121 Churchman's Center, Newark, DE 19713. (*Id.* at 4) In the Agreement, plaintiff agreed that:

This Agreement will be governed by and interpreted by the laws of the State of Connecticut. You agree that any causes of action between the parties with respect to any issue arising out of or relating to this Franchise Agreement, the breach thereof, the relationship between the Franchisor [sic] and the Franchisee or any other issue or dispute will only be

---

dismiss and a motion to transfer. This court is not confronted with the dilemma the *Salovaara* and *Crescent* courts tackled. As a result, *Salovaara* and *Crescent* are not applicable to the present matter, and defendant's motion to dismiss is denied.

2. A Wireless Zone retail store is a retail business specializing in wireless communication devices, services and accessories. (D.I. 3 at 2)

brought in either the state or federal courts of Connecticut.

(*Id.* at 4, ex. 4)

Plaintiff alleges that on or about September 24, 2003, an agent of defendant contacted one of plaintiff's principals, Ben Cordova, for the purpose of amending the Agreement to remedy a typographical error ("the Amendment"). (D.I. 10 at 8) Defendant claims that the purpose of the Amendment was to amend the "Protected Territory" description set forth in Section 1.05 of the Agreement in a manner provided for under Section 17.03 of the Agreement. (D.I. 3 at 5; *see also* D.I. 3, ex. 7) Both parties agree that plaintiff's principal signed the Amendment. (D.I. 3 at 4; D.I. 10 at 8) Plaintiff also alleges that at a later date, plaintiff's principal realized that the Amendment restructured the territory allotted to plaintiff by the Agreement. (D.I. 10 at 8)

On October 13, 2004 plaintiff filed a declaratory judgment action in the Superior Court of the State of Delaware against defendant seeking a declaration as to the legality of the Amendment. (D.I. 1, ex. 1)

On November 15, 2004, defendant removed the present action to this court on the basis of diversity jurisdiction. (D.I. 1) On November 22, 2004, defendant filed the present motion to dismiss or transfer. (D.I. 3)

## III. STANDARD OF REVIEW

Generally, a motion to transfer is reviewed under 28 U.S.C. § 1404(a), which allows a district court to transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interest of justice. *See Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir.1995). Before engaging in a transfer analysis, however, an examination of the forum selection clause in the contract signed by the parties is necessary.

The United States Supreme Court, in *M/S Bremen v. Zapata Off-Shore Co.,* announced a general rule that forum selection clauses are *"prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *see also Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988). A party can resist imposition of a forum selection clause if it can demonstrate that the contract resulted from fraud or undue influence, or that "enforcement would contravene a strong public policy of the forum in which the suit is brought, whether declared by statute or by judicial decision." *Id.* at 12, 15, 92 S.Ct. 1907. The Third Circuit Court of Appeals has interpreted *Bremen* to mean that

a forum selection clause is presumptively valid and will be enforced by the forum unless the party objecting to its enforcement establishes (1) that it is the result of fraud or over-reaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.

*Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 202 (3d Cir.1983), *overruled on other grounds by Lauro Lines v. Chasser,* 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (1989). As far as unreasonableness, under *Bremen* it is

incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.

*Bremen,* 407 U.S. at 18, 92 S.Ct. 1907. "This standard is satisfied if a litigant can

demonstrate that it 'would face blatant prejudice in the foreign forum' or 'if enforcement of the foreign forum selection would be severely impractical.'" *Mobilificio San Giacomo S.p.A. v. Stoffi,* 1998 WL 125534 at \*8 (D.Del.1998).

## IV. DISCUSSION

█ It is clear that the forum selection clause of the Agreement applies to the present matter.[3] The declaratory relief claims set forth in plaintiff's complaint constitutes a cause of action between the parties with respect to: (1) an issue arising out of and relating to the franchise agreement; and (2) the relationship between defendant and plaintiff. The forum selection clause in the franchise agreement between plaintiff and defendant states that causes of action arising from either of these issues would be litigated in the state or federal courts of Connecticut. (D.I. 3, ex. 5) But for the prior existence of the Agreement and the relationship between plaintiff and defendant, there would not have been an Amendment which is the subject matter of plaintiff's complaint against defendant.

It is equally clear that the forum selection clause is not "unreasonable under the circumstances." Indeed, plaintiff admits in its opposition that it "does not advocate that the forum selection clause in the Franchise Agreement is unreasonable, unjust, or procured by fraud." (D.I. 10 at 10)

Furthermore, the forum selection clause of the Agreement does not violate public policy. Plaintiff states that "[i]t has long been held that the 6 Del. C. § 2551 *et seq.,* is a direct expression of public policy relating to foreign franchiser's dealings with franchisee's [sic] operating in the State of Delaware." (D.I. 10 at 13) However, Title 6, section 2551 *et seq.* of the Delaware Code prohibits and punishes the unjust termination of franchises. Here defendant did not terminate a franchise, it merely amended the franchise agreement. Consequently, the Amendment does not implicate 6 Del. C. § 2551 *et seq.*

Finally, the court holds that trial in Connecticut will not be so gravely difficult and inconvenient that plaintiff will be deprived of its day in court. Although plaintiff may incur additional expense and be inconvenienced by litigating this action in Connecticut, this additional expense and inconvenience would not prevent plaintiff from litigating its case.

## V. CONCLUSION

For the reasons set forth above, the court denies defendant's motion to dismiss but grants defendants motion to transfer the present matter to Connecticut (D.I. 3). An appropriate order shall issue.

---

**3.** For this reason, plaintiff's argument that the only document at issue in plaintiff's complaint is the Amendment is nonsensical. (D.I. 10 at 9)