**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3372
_____

JEFFREY PODESTA; STREET SEARCH, LLC,
Appellants

v.

JOHN F. HANZEL, Esquire; JOHN F. HANZEL, P.A. Attorneys at Law;
HONEYWOOD ENERGY LLC, formerly known as Blackwood Energy, LLC;
JAYSON COLAVALLA; John Does 1–10; TONY C. SCOTT; SAMUEL V.
WATKINS; TALC PROPERTIES FL, LLC; TALC PRIVATE VENTURES, LLC
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-15-cv-375)
District Judge:  Honorable James. M. Munley
_____

Submitted under Third Circuit LAR 34.1(a)
on October 27, 2016

Before:  FISHER,* VANASKIE, and KRAUSE, *Circuit Judges*

(Opinion filed: March 27, 2017)
_____

O P I N I O N**
_____

_____

* Honorable D. Michael Fisher, United States Circuit Judge for the Third Circuit,
assumed senior status on February 1, 2017.

** This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

KRAUSE, *Circuit Judge*

Jeffrey Podesta and Street Search, LLC challenge the District Court's dismissal of their Amended Complaint on the basis of a forum selection clause in an escrow contract. For the reasons stated below, we will affirm.

## I.     Background[1]

This case arises out of allegations of fraud in a real estate investment deal. According to the Amended Complaint, Podesta was approached by a business acquaintance about an opportunity to invest in a real estate transaction. Podesta, a New Jersey resident, was introduced to a prospective property buyer who told Podesta that he had a pending agreement to purchase the Blackwood Mine in central Pennsylvania. The buyer told Podesta he needed an influx of cash to close on the property and secure a line of credit. Podesta agreed to loan the buyer $300,000 in exchange for a promise that Podesta would immediately receive $1.5 million as soon as the closing occurred and the line of credit was made available. The buyer was represented by John F. Hanzel, an attorney licensed in North Carolina, who told Podesta that he would review all documents regarding the sale of the property, organize the financing, and manage the escrow account for the closing on the property. Podesta, on behalf of his company Street Search, LLC, signed an Escrow Agreement with Hanzel and the property buyer's company designating Hanzel as the agent for the escrow account. Hanzel told Podesta that the financing was in

---

[1] Because we write primarily for the parties, we provide background only as relevant to the issues on appeal.

place and instructed him to wire the $300,000 to the escrow account. Podesta transferred the funds but then soon discovered that the purported property buyer did not have a valid purchase or loan agreement as indicated. Podesta requested the return of the funds per the terms of the Escrow Agreement, but Hanzel allegedly kept $25,000 for himself and wrongfully released the remaining funds to parties associated with the buyer.

Podesta and Street Search (collectively "Podesta") commenced this action in the United States District Court for the Middle District of Pennsylvania, bringing claims for fraud, breach of contract, breach of fiduciary duty, negligence, and civil conspiracy against Hanzel and his law firm, John F. Hanzel, P.A. (collectively "Hanzel"), as well as other defendants. Hanzel filed a motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). The District Court granted the motion and dismissed the claims on the basis that a forum selection clause in the Escrow Agreement required suit to be filed in North Carolina, and, in the alternative, on the basis that the court lacked personal jurisdiction over Hanzel. Podesta filed this timely appeal.

## II.     Discussion[2]

Podesta argues that the District Court erred by giving effect to the forum selection clause and by considering Hanzel's irrelevant out-of-state activities in its analysis of

---

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We note that Appellees' motion requested only the dismissal of claims asserted against them. In response, however, it appears the District Court granted the motion without prejudice to filing in North Carolina and directed the clerk of court to close the case. Accordingly, the District Court's order of dismissal is a final, appealable order over which we may exercise jurisdiction pursuant to 28 U.S.C. § 1291.

3

personal jurisdiction. Because we find the forum selection clause dispositive, we need not consider the court's personal jurisdiction.

We exercise plenary review over the interpretation and enforcement of a forum selection clause. *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 295 (3d Cir. 2001).

## A.    Waiver

As a threshold matter, Podesta argues that the District Court erred by construing Hanzel's motion to dismiss as a request for enforcement of the forum selection clause. According to Podesta, because Hanzel did not label the motion as one to transfer venue under 28 U.S.C. § 1404, the District Court should have regarded any objections on the basis of the forum selection clause as waived. On the contrary, the District Court reasonably construed the intent of the motion and identified Rule 12(b)(6) as a proper vehicle for enforcing the clause.

First, the District Court was permitted to construe the motion as a request to enforce the forum selection clause even if it was not explicitly labeled as one. In determining how to construe an ambiguous motion, we have instructed courts to focus "on the function of the motion, not its caption." *Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984); *see also Hook v. Hook & Ackerman, Inc.*, 213 F.2d 122, 128 (3d Cir. 1954) ("The label does not determine the nature of the motion."). The District Court correctly applied that principle here when it recognized that the motion quoted the forum selection clause in the Escrow Agreement and argued that the Middle District of Pennsylvania was

4

not the proper forum for the action.  Indeed, Podesta's Response to Hanzel's motion to dismiss demonstrates that he, too, recognized Hanzel's motion as presenting a forum selection clause argument and took the opportunity to respond to that argument.

Furthermore, while Podesta is correct that a party may move under 28 U.S.C. § 1404(a) to transfer a case to another federal court based on a valid forum selection clause, a Rule 12(b)(6) dismissal is also an acceptable means of enforcing such a clause when, as here, the clause allows for suit in either a state or federal forum.  *Salovaara*, 246 F.3d at 298; *see also Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013) (recognizing in dictum the possibility that Rule 12(b)(6) would be a valid mechanism for enforcing a forum selection clause).  Therefore, the District Court did not err in construing Hanzel's motion as requesting enforcement of the forum selection clause and in dismissing on that basis.

### B.    Enforceability

Podesta argues that even if the forum selection clause is considered, it should not be enforced, but we agree with Appellees that the District Court correctly concluded Podesta failed to overcome the clause's presumed validity.  Contract clauses reflecting a chosen forum are typically "prima facie valid and should be enforced" unless a plaintiff can demonstrate that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972).  In assessing the reasonableness of the chosen forum, we

5

must keep in mind that "[w]hen parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine*, 134 S. Ct. at 582.

The only argument that Podesta makes against the enforceability of the forum selection clause is that a North Carolina forum "would offend reasonableness and would be vexatious" since the claims involve what he describes as "a Pennsylvania transaction" and "a Pennsylvania seller." Appellants' Br. 11, 16. While there is some nexus to Pennsylvania, the Amended Complaint makes clear that events and omissions occurred in other locations, as well, including in North Carolina. The Escrow Agreement also provides that it is to be "governed and construed in accordance with" North Carolina law. App, Vol. II, 28. Podesta fails to explain how laying venue in North Carolina would be so unreasonable or unjust that it could override the parties' venue preferences expressed in the forum selection clause.[3] The District Court therefore correctly concluded that Podesta failed to meet his burden of demonstrating that the forum selection clause should not be enforced.

---

[3] Podesta also argues that he should have been permitted limited discovery. In some cases "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). A district court's decision to deny such limited discovery is reviewed for abuse of discretion. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455 (3d Cir. 2003). In this case, Podesta sought "jurisdictional" discovery solely "to determine Hanzel's Pennsylvania directed involvement" and support his argument that the court could exercise personal jurisdiction over Hanzel. App. Vol. II, 123. He fails to explain, however, how this request is relevant to the forum selection clause. The District Court did not abuse its discretion in implicitly denying these requests.

6

## C.    Applicability

To the extent Podesta's argument also can be construed as challenging the applicability of the forum selection clause to the full breadth of the claims he now raises, we conclude that the District Court correctly interpreted the clause as covering all claims asserted against Hanzel.[4] The parties provide no guidance as to which state's law on contract interpretation applies, but that is of no consequence because both North Carolina and the forum state of Pennsylvania apply the traditional contract principle that when the language of a contract is clear and unambiguous on its face, we must give effect to that plain meaning as a reflection of the intent of the parties. *See Kripp v. Kripp*, 849 A.2d 1159, 1163 (Pa. 2004); *Weyerhaeuser Co. v. Carolina Power & Light Co.,* 127 S.E.2d 539, 541 (N.C. 1962).

The clause at issue here—which extends to "any action concerning any and all claims, disputes or controversies arising out of or relating to" the agreement—plainly covers the claims brought against Hanzel. App. Vol. II, 28. While Podesta asserts claims in addition to breach of contract, "pleading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms." *Crescent Int'l, Inc. v. Avatar Cmtys., Inc.*,

---

[4] As noted above, the District Court dismissed the action as to all the defendants. On appeal, however, Podesta only appears to challenge the applicability of the forum selection clause in the Escrow Agreement as to Hanzel. Because Podesta did not challenge the applicability of the forum selection clause to the other Appellees in his opening brief, the issue was waived. *See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994).

857 F.2d 943, 944 (3d Cir. 1988). An action need not allege contract-based claims in order for a forum selection clause in a contract to be enforced so long as the claims "stem from the contractual relationship." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 220 (3d Cir. 2015).

As it is clear that there is a causal connection between the Escrow Agreement and each of the claims asserted against Hanzel in the Amended Complaint, the District Court correctly concluded that the forum selection clause requires all of those claims to be brought in North Carolina.

## III. Conclusion

For the foregoing reasons, we will affirm the District Court's order of dismissal.